UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua Harris, | Case No. 23-cv-0377 (ECT/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Joelle Schutz, et al., | |
| Defendants. | |

This matter comes before the undersigned U.S. Magistrate Judge under a general assignment made in accordance with 28 U.S.C. § 636, and on Plaintiff Joshua Harris's opening pleading in this action ("Complaint" [Docket No. 1]). For the following reasons, the Court recommends dismissing this action without prejudice.

The Court received the Complaint on February 15, 2013; at that time, Plaintiff resided at the Ramsey County Adult Detention Center ("ADC") in the midst of various state criminal proceedings. (See Compl. [Docket No. 1] at 3; Envelope [Docket No. 1-1] at 1).[1] Particularly at issue here is State v. Harris, No. 62-CR-23-0030 (Minn. Dist. Ct.), in which authorities charged Harris in December 2022 with one count of fifth-degree controlled-substance possession, in violation of Minn. Stat. § 152.025, subd. 2(1). See Register of Actions, State v. Harris, No. 62-CR-23-0030 (Minn. Dist. Ct.).[2]

---

[1] Citations to filed materials use the pagination provided by the Court's CM/ECF filing system.
[2] The docket in No. 62-CR-23-0030 is not attached to any filings in this action. As a public court record, however, the Court can take judicial notice of it. See, e.g., Stutzka v. McCarville, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing United States v. Eagleboy, 200 F.3d 1137, 1140 (8th Cir. 1999)); Jones v. Ellison, No. 22-cv-2144 (WMW/JFD), 2022 WL 18215879, at *1 (D. Minn. Dec. 8, 2022) (citing cases), report and recommendation adopted, 2023 WL 146269 (D. Minn. Jan. 10, 2023).

The Complaint names four Defendants. It describes Defendants Joelle Schutz and Devin Christiansen as officers with the Saint Paul Police Department, and refers to Defendant Rigoberto Aguirre as a "sergeant" who apparently works at the ADC. (See Compl. [Docket No. 1] at 1–3). The fourth defendant is the "Ramsey County Saint Paul Police Department," which the Court construes as an attempt to name the Saint Paul Police Department. (Id. at 4).

The Complaint raises three main issues. First, as the Court understands Plaintiff, he contends that Schutz and Christiansen engaged in an "[i]llegal search and seizure" when they arrested Plaintiff in December 2022. (Id. at 1). The thrust of this argument is that Plaintiff was not engaged in any illegal activity—including loitering—when approached by the officers. (See Id.). Second, he suggests that he is a victim of mistaken identity based on a confusion about his middle name. (See Id.). Finally, he argues that various items he had when arrested are his property and that authorities should give them to his family. (See Id. at 2–3). For relief, the Complaint asks for $100 million in damages, the return of the relevant property, and dismissal of No. 62-CR-23-0030. (See Id. at 3).

Under 28 U.S.C. § 1915A(a), a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The present Complaint qualifies. Under § 1915A(b), as relevant here, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted . . . ."

To determine whether a pleading states a claim for which relief is grantable, a district court assumes that the pleading's allegations are true and makes all reasonable plaintiff-favoring inferences that the allegations support. See, e.g., Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594–95 (8th Cir. 2009) (citing cases). A complaint must contain "enough facts to state a claim to

2

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555 (citing authorities). A district court's assessment of whether a pleading states a claim is "context-specific"; a court must "draw on its judicial experience and common sense." Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (quoting Magee v. Trs. of Hamline Univ., 747 F.3d 532, 535 (8th Cir. 2014) (cleaned up)). Although the Court construes pro se complaints liberally, pro se litigants "still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

The Court here concludes that the Complaint fails to state a claim. As a starting point, the Court construes the Complaint as trying to bring claims under the U.S. Constitution. (See Compl. [Docket No. 1] at 1 (referring to "[i]llegal search and seizure"); Id. at 2 (referring to "[r]ights of [l]ife, [l]iberty, and the [p]ursuit of happiness")). Plaintiffs generally cannot sue under the Constitution directly, so the Court construes Harris as bringing his claims under 42 U.S.C. § 1983. See, e.g., Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) (citing cases); Franco v. Minnesota, No. 12-cv-1706 (ADM/JJG), 2013 WL 2556510, at *5 (D. Minn. June 11, 2013) (citing Azul-Pacifico, Inc.).

Claims under § 1983 can proceed as individual-capacity claims, official-capacity claims, or both. See, e.g., Hafer v. Melo, 502 U.S. 21, 25 (1991) (discussing differences between individual-capacity claims and official-capacity claims); Kentucky v. Graham, 473 U.S. 159, 165 (1985) (same). Any claims against a governmental entity itself, however, must be official-capacity claims. Thus, the present Complaint's claims against the Saint Paul Police Department are official-capacity claims.

In contrast, plaintiffs can sue individual defendants—such as Schutz, Christiansen, and Aguirre here—in their individual capacities and/or their official capacities with relevant governmental entities. But the United States Court of Appeals for the Eighth Circuit has established that when a complaint does not specify the capacity in which a plaintiff sues an individual defendant, district courts should assume that the relevant claims are official-capacity claims only. See, e.g., Kelly v. City of Omaha, 813 F.3d 1070, 1075 (8th Cir. 2016) (citing Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)); Crabtree v. Clearwater Cnty. Sheriffs Off., No. 21-cv-2596 (WMW/BRT), 2022 WL 1492546, at *2 (D. Minn. Mar. 3, 2022) (citing cases), report and recommendation adopted, 2022 WL 1261683 (D. Minn. Apr. 28, 2022). Because Plaintiff provides no capacity specification, his claims against Schutz, Christiansen, and Aguirre are only official-capacity claims. This case thus concerns only official-capacity claims.

To state official-capacity claims under § 1983, plaintiffs cannot simply allege that a government entity employed individuals who violated the plaintiff's rights. "Instead, . . . a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997) (citing cases); see also, e.g., Crabtree, 2022 WL 1492546, at *2 (citing Brewington v. Keener, 902 F.3d 796, 800 (8th Cir. 2018)). There are various ways to allege a policy or custom.

In the present case, the Court need not address the standards by which a plaintiff may allege the existence of a policy or custom because nothing in the Complaint even hints at any sort of relevant municipal practice fitting this bill. Plaintiff's Complaint is simply devoid of any factual

allegation which could be reasonably construed as alleging a policy or custom that caused plaintiff's injury. Thus, Plaintiff has failed to state a claim upon which relief may be granted.[3]

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice** for failure to state a claim under 28 U.S.C. 1915A(b).

Dated: March 23, 2023               s/Leo I. Brisbois
                                    Hon. Leo I. Brisbois
                                    United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[3] Although Plaintiff was confined to the ADC at the time he filed the present action, it appears that he has now been released from that facility. A letter the Clerk of Court's office mailed to Plaintiff was returned as undeliverable, and Plaintiff has failed to provide any forwarding address of updated contact information. This does not alter this Court's recommendation. It is Plaintiff's obligation to keep this Court apprised of his updated contact information so that he may receive correspondence from the Court. See, e.g., Heiderscheid v. Dakota Cnty. Sheriff Off., No. 18-cv-1180 (JNE/LIB), 2020 WL 5128147, at *6 (D. Minn. July 22, 2020), report and recommendation adopted 2020 WL 5106816 (D. Minn. Aug. 31, 2020), aff'd, 848 Fed. App'x 678 (8th Cir. 2021); Aery v. Nohre, No. 20-cv-1958 (PJS/LIB), 2021 WL 3410336, at *2 (D. Minn. July 6, 2021) (collecting cases), report and recommendation adopted, 2021 WL 3409328 (D. Minn. Aug. 4, 2021).